# EXHIBIT 2

# Pharmacy Update

August 2, 2023

## Vendor Change Notification

This is a notification to pharmacies in all Caremark® networks that Caremark is changing vendors utilized in the dispute process effective August 10, 2023. Please review the following addendum.

You may have previously received a Vendor Change Notification dated July 28, 2023.  CVS Caremark is retracting that Vendor Change Notification.

This new Vendor Change Notification has an updated effective date.  This amendment applies to all Providers.

**Amendment to 2022 Caremark Provider Manual:**
15.09 Arbitration

**Effective:**
Absent contrary state law, August 10, 2023

---

Section "**15.09 Arbitration**" (beginning on page 97) is deleted in its entirety and replaced with:

> "**15.09 Arbitration**
>
> Any dispute, claim or controversy between Provider and Caremark [including Caremark's current, future, or former employees, parents, subsidiaries, affiliates, agents, and assigns (collectively referred to in this **Arbitration** section as "Caremark")] including, but not limited to, disputes in connection with, arising out of, or relating in any way to, the Provider Agreement or to Provider's participation in one or more Caremark networks or exclusion from any Caremark networks, including any disputes regarding the interpretation, validity, scope, or applicability of this agreement to arbitrate, will be exclusively settled by arbitration. This arbitration provision applies to any dispute arising from events that occurred before, on, or after the effective date of this Provider Manual. Any dispute otherwise arbitrable hereunder shall be deemed waived, and no such dispute shall be made or raised unless a Dispute Notice has been given to Caremark or Provider, or arbitration filed, as provided below. Unless otherwise agreed to in writing by the parties, the arbitration shall be administered by JAMS pursuant to its then applicable Comprehensive Arbitration Rules and Procedures ("JAMS Rules") including the rule governing Emergency Relief Procedures (available from JAMS). For purposes of clarity, any arbitration initiated after August 10, 2023, absent contrary state law, shall be administered by JAMS regardless of whether a Dispute Notice was issued before that date. If any provision of this Provider Manual conflicts with any provision of the JAMS Rules, the Provider Manual's provision shall control.

Pharmacy network participation varies by plan.

The recipient of this fax may make a request to opt-out of receiving telemarketing fax transmissions from CVS Caremark. There are numerous ways you may opt-out: The recipient may call the toll-free number at 877-265-2711 and/or fax the opt-out request to 401-652-0893, at any time, 24 hours a day/7 days a week. The recipient may also send an opt-out request via email to do_not_call@cvshealth.com. An opt out request is only valid if it (1) identifies the number to which the request relates, and (2) if the person/entity making the request does not, subsequent to the request, provide express invitation or permission to CVS Caremark to send facsimile advertisements to such person/entity at that particular number. CVS Caremark is required by law to honor an opt-out request within thirty days of receipt.  An opt out request will not opt you out of purely informational, non-advertisements, Caremark pharmacy communications such as new implementation notices, formulary changes, point-of sale issues, network enrollment forms, and amendments to the Provider Manual.

This communication and any attachments may contain confidential information. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents, is prohibited. If you have received this communication in error, please notify the sender immediately by telephone and destroy all copies of this communication and any attachments. This communication is a Caremark Document within the meaning of the Provider Manual, and as such is Caremark Confidential Information that must be protected by the Provider and used only as described in the Provider Manual.

2022 PM Amendment #27a

In no event may the arbitrator(s) award indirect, consequential, or special damages of any nature (even if informed of their possibility), lost profits or savings, punitive damages, injury to reputation, or loss of customers or business, except as required by Law.

The arbitrator(s) shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the agreement to arbitrate including, but not limited to, any claim that all or part of the agreement to arbitrate is void or voidable for any reason. The arbitrator(s) must follow the rule of Law, and the award of the arbitrator(s) will be final and binding on the parties, and judgment upon such award may be entered in any court having jurisdiction thereof. Any such arbitration must be conducted in Scottsdale, Arizona and Provider agrees to such jurisdiction, unless otherwise agreed to by the parties in writing. The arbitrator(s) may construe or interpret the agreement to arbitrate but shall not ignore any term of this Provider Manual and shall be bound by controlling law.

In arbitrations where a dispute, claim, controversy, or counterclaim involves at least $1,000,000, and the parties are unable to agree upon the number of arbitrators, a panel of three arbitrators rather than a single arbitrator shall hear and determine the case. If the parties are unable to agree on the number of arbitrators and the disputes, claims, controversies, or counterclaims involve less than $1,000,000, one arbitrator shall hear and determine the case. If, during the course of the arbitration, the amount in controversy changes or is amended to exceed $1,000,000, a single arbitrator shall not have authority to conduct a hearing on the merits or issue an award until a panel of three arbitrators is appointed.

If the arbitration is to be conducted by a sole arbitrator, the arbitrator must be a retired judge. If the arbitration is to be conducted by a panel of three arbitrators, then: (a) one of the arbitrators must be a retired judge; and (b) the chair must be a retired judge or previously have served as chair or sole arbitrator in at least ten arbitrations where an award was rendered following a hearing on the merits.

The parties hereby agree that, in any underlying award issued by a panel of three arbitrators, as opposed to a single arbitrator, the JAMS Optional Arbitration Appeal Procedures ("Appellate Procedures") shall apply and either party may invoke those appeal procedures. The underlying award shall not be considered final until after the time for filing the notice of appeal pursuant to the Appellate Procedures has expired. Appeals must be initiated within (14) days after an award has become final, as set forth in the Appellate Procedures, by filing a Notice of Appeal with the JAMS Case Manager and on the opposing party(ies).

Provision 15.09 and its subsections, including Provision 15.09.02 (Expenses of Arbitration), Provision 15.09.04 (Confidentiality of Arbitration), Provision 15.09.05 (No Collateral Estoppel/Precedential Impact of Award), Provision 15.09.06 (Waiver of Right to Confirm Award Upon Payment), and Provision 15.09.08 (Severability), are applicable to any final awards issued by the appellate tribunal.

### 15.09.01 Discovery Limitations
Discovery shall be limited to documents and information for which there is a direct, substantial, and demonstrable need, and where such documents and information can be located and produced at a cost that is reasonable in the context of all surrounding facts and circumstances.

Document requests shall (1) be limited to documents that are directly relevant to the matters in dispute or to its outcome; (2) be reasonably restricted in terms of time frame, subject matter and persons or entities to which the requests pertain; and (3) not include broad phraseology such as "all documents directly or indirectly related to." The requests shall not be encumbered with extensive "definitions" or "instructions." The arbitrator may edit or limit the number of requests.

This communication and any attachments may contain confidential information. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents, is prohibited. If you have received this communication in error, please notify the sender immediately by telephone and destroy all copies of this communication and any attachments. This communication is a Caremark Document within the meaning of the Provider Manual, and as such is Caremark Confidential Information that must be protected by the Provider and used only as described in the Provider Manual.                                           **2022 PM Amendment #27a**

E-discovery shall be limited as follows: (i) there shall be production of electronic documents only from sources used in the ordinary course of business. Absent a showing of compelling need, no such documents are required to be produced from backup servers, tapes or other media; (ii) absent a showing of compelling need, the production of electronic documents shall normally be made on the basis of generally available technology in a searchable format that is usable by the requesting Party and convenient and economical for the producing Party. Absent a showing of compelling need, the Parties need not produce metadata, with the exception of header fields for email correspondence; (iii) the description of custodians from whom electronic documents may be collected should be narrowly tailored to include only those individuals whose electronic documents may reasonably be expected to contain evidence that is material to the dispute; and (iv) where the costs and burdens of e-discovery are disproportionate to the nature of the dispute or to the amount in controversy, or to the relevance of the materials requested, the arbitrator may either deny such requests or order disclosure on the condition that the requesting party advance the reasonable cost of production to the other side, subject to the allocation of costs in the final Award.

There shall be no interrogatories or requests to admit absent agreement of the parties.

Each party may take one deposition of an opposing party or of one individual under the control of the opposing party. Each deposition shall be subject to a four-hour time limit. The necessity of additional depositions shall be determined by the arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing parties and the witness.

Discovery shall be limited to the Provider initiating the dispute and no other Provider. Provider expressly agrees not to seek discovery concerning other Providers, disputes or arbitration matters not involving the Provider at issue. Provider agrees that an arbitrator(s) shall have no authority hereunder to order discovery related to other Providers, disputes or arbitration matters not involving the Provider at issue. Any attempt by Provider to seek discovery on other Providers, disputes or arbitration matters shall be deemed a violation of this provision, as well as Section 14, and subject Provider to the penalties outlined in those provisions.

In the event a party that initiates an action for emergency or interim relief does not prevail, and subsequently foregoes a final hearing on the merits, the emergency arbitrator's order shall be deemed as the final award and the emergency arbitrator shall retain jurisdiction for the purposes of awarding the expenses of arbitration, including reasonable attorney's fees, against the party that initiated the request for emergency or interim relief.

### 15.09.02 Expenses of Arbitration
The expenses of arbitration, including reasonable attorney's fees, will be paid for by the party against whom the final award of the arbitrator(s) is rendered, except as otherwise required by Law.

### 15.09.03 Anti-Class; Anti-Consolidation of Claims in Arbitration
Arbitration with respect to a dispute is binding and neither Provider nor Caremark will have the right to litigate that dispute through a court. In arbitration, Provider and Caremark will not have the rights that are provided in court, including the right to a trial by judge or jury. All of these rights are waived and disputes must be resolved through arbitration.

No dispute between Provider and Caremark may be pursued or resolved as part of a class action, private attorney general, or other representative action or proceeding (hereafter all included in the term "Class Action"). All disputes are subject to arbitration on an individual basis, not on a class or

This communication and any attachments may contain confidential information. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents, is prohibited. If you have received this communication in error, please notify the sender immediately by telephone and destroy all copies of this communication and any attachments. This communication is a Caremark Document within the meaning of the Provider Manual, and as such is Caremark Confidential Information that must be protected by the Provider and used only as described in the Provider Manual.                                                                 **2022 PM Amendment #27a**

representative basis, or through any form of consolidated proceedings, and the arbitrator(s) will not resolve Class Action disputes and will not consolidate arbitration proceedings without the express written permission of all parties to the Provider Agreement. Provider and Caremark agree that each may pursue or resolve a dispute against the other only in its individual capacity, and not as a plaintiff or class member in any purported Class Action. Further, disputes with a Provider are limited to a single NCPDP number per arbitration. A Provider may not consolidate or aggregate the claims of multiple NCPDP numbers into a single arbitration. The parties agree that any arbitration ruling by an arbitrator(s) allowing class-action arbitration or requiring a consolidated arbitration (including consolidating multiple NCPDPs into single proceeding) would be contrary to the parties' intent and such decisions are subject to immediate judicial review.

### 15.09.04 Confidentiality of Arbitration
Except as may be required by Law, a party, its employees, agents, consultants, authorized representatives, counsel, or arbitrator(s) shall not disclose the existence, content, or results of any dispute or arbitration hereunder without the prior written consent of both parties. In the event a Provider is required by Law to make such a disclosure, Provider shall notify Caremark five (5) business days in advance of such disclosure. Notwithstanding the confidentiality provisions contained herein, Caremark may notify any of its Plan Sponsor clients of any pending arbitration or the results thereof that may impact the Plan Sponsor. That notice may include disclosing the underlying documents in the arbitration, including, but not limited to the statement of claim and the opinion rendered in the case. Provider acknowledges and agrees that any breach of this provision would cause Caremark immediate and irreparable injury or loss that cannot be fully remediated by monetary damages. Accordingly, if Provider, its agents, counsel, or arbitrator fail to abide by the terms and conditions set forth in this **Arbitration** section of the Provider Manual, Caremark shall be entitled to (a) specific performance, including immediate issuance of a temporary restraining order or preliminary injunction enforcing the Agreement, and to judgment for damages (including reasonable attorneys' fees and costs) caused by the breach; (b) an option to void the dispute resolution or arbitration award; and (c) to all other legal and equitable remedies available to Caremark, including termination of the Provider Agreement or Provider's participation in any Caremark network or Plan Sponsor network.

### 15.09.05 No Collateral Estoppel/Precedential Impact of Award
The decision of the arbitrator is final and binding to the claims raised in the arbitration but is neither *res judicata* nor collateral estoppel to any other claim or suit. The decision is conclusive only of the issues in the matter submitted to the arbitrator and only as to the parties to the arbitration. The decision shall not have any precedential impact on any other proceeding.

### 15.09.06 Waiver of Right to Confirm Award Upon Payment
If a final award is rendered awarding a party monetary damages, the party against whom the final award was rendered shall have thirty (30) days to pay the monetary award. During this thirty (30) day period, the party in whose favor the monetary award was rendered shall not have the right to seek confirmation or enforcement of the award. If the monetary relief in the final award is paid within this thirty (30) day period, the party in whose favor the monetary award was rendered shall have no right to seek confirmation of the final award under the Federal Arbitration Act, 9 U.S.C. §9, nor under any applicable state arbitration Law.

In addition to the foregoing, the parties will use all reasonable efforts to maintain the confidentiality of any petitions they file to confirm, vacate, or modify an arbitration award under Federal Arbitration Act, 9 U.S.C. §§ 9-11. To the extent the parties initiate an action to confirm, modify, or vacate an arbitration award, the parties shall file such a petition under seal. Unless ordered by the court, the parties expressly agree to not take any action to unseal any (i) filings relating to the petition to confirm, modify or vacate

This communication and any attachments may contain confidential information. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents, is prohibited. If you have received this communication in error, please notify the sender immediately by telephone and destroy all copies of this communication and any attachments. This communication is a Caremark Document within the meaning of the Provider Manual, and as such is Caremark Confidential Information that must be protected by the Provider and used only as described in the Provider Manual.                    **2022 PM Amendment #27a**

the award or (ii) filings or documents relating to the underlying arbitration, including the underlying arbitration award.

### 15.09.07 Dispute Resolution Procedures

Prior to a party initiating an arbitration, such party shall request in writing to the other party ("Dispute Notice") a meeting of authorized representatives of the parties for the purpose of resolving the dispute. An action must be commenced within two (2) years from the date on which the facts giving rise to the dispute first arose. The parties agree that, within fourteen (14) business days after issuance of the Dispute Notice, each party shall designate a representative to participate in dispute resolution discussions which will be held at a mutually acceptable time and place (or by telephone) for the purpose of resolving the dispute. Each party agrees to negotiate in good faith to resolve the dispute in a mutually acceptable manner. If despite the good faith efforts of the parties, the authorized representatives of the parties are unable to resolve the dispute within forty-five (45) business days after the issuance of the Dispute Notice, or if the parties fail to meet within such forty-five (45) business days, either party may, by written notice to the other party, submit the dispute to binding arbitration provided, however, that any demand for arbitration must be filed within six (6) months from the date of the issuance of the Dispute Notice. The above notwithstanding, nothing in this provision shall prevent either party from utilizing the JAMS's procedures for emergency relief to seek preliminary injunctive relief to halt or prevent a breach of this Provider Agreement.

Any party initiating an arbitration pursuant to this Arbitration section shall place in escrow (the alleged amount at issue) for the benefit of the opposing party an amount to be determined as sufficient to cover the estimated attorney's fees, forecasted amount of potential claims that could be submitted by Provider based on Provider's historical Caremark adjudicated paid claims experience (e.g., previous rolling twelve months), and other expenses of arbitration that will be incurred in defense of the arbitration action, which shall in no event be less than $50,000. Such funds will be released upon the entry of a final award of the arbitrator(s), with any excess reimbursed to the initiating party. Failure to place such funds in escrow will constitute a material breach of this Arbitration section.

The terms of this Arbitration section apply notwithstanding any other or contrary provision in the Provider Agreement including, but not limited to, any contrary language in any **Third-Party Beneficiary** provision. This Arbitration section survives the termination of the Provider Agreement and the completion of the business relationship between Provider and Caremark. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and any arbitration conducted pursuant to the terms of this Provider Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

### 15.09.08 Severability

In the event any provision of this **15.09 Arbitration** section of the Provider Manual shall be judged, declared, held or ruled to be invalid, illegal or unenforceable, in whole or in part, such provision shall be deemed severable, and it shall not invalidate or impair the **15.09 Arbitration** section as a whole."

---

The 2022 CVS Caremark Provider Manual, State Addenda, and Amendments are posted on the CVS Caremark Pharmacy Portal ("Pharmacy Portal").  If your pharmacy has not registered to Pharmacy Portal, please do so.  The Pharmacy Portal can be found at: **rxservices.cvscaremark.com**

Your pharmacy will be prompted to set a unique username and password as part of the initial login process. You also will be prompted to read and agree to the pharmacy portal terms of use.

**Please note:** Detailed pharmacy-specific account information must be entered as part of the initial login process including, but not limited to: pharmacy NCPDP number (seven digits), pharmacy NPI, state license number, DEA number, etc.

For troubleshooting the Pharmacy Portal registration and/or login process only, please email: **RxServices@CVShealth.com**

This communication and any attachments may contain confidential information. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents, is prohibited. If you have received this communication in error, please notify the sender immediately by telephone and destroy all copies of this communication and any attachments. This communication is a Caremark Document within the meaning of the Provider Manual, and as such is Caremark Confidential Information that must be protected by the Provider and used only as described in the Provider Manual.                                                                                                                **2022 PM Amendment #27a**