THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OSTERHAUS PHARMACY, INC. on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK Rx, L.L.C. (f/k/a/ CAREMARK Rx, INC.), CAREMARK, L.L.C., CAREMARKPCS, L.L.C., CAREMARK PCS HEALTH L.L.C., CAREMARK IPA, L.L.C., CAREMARK PART D SERVICES, LLC, AETNA INC., AETNA HEALTH HOLDINGS, LLC, AND AETNA HEALTH MANAGEMENT, LLC,<br><br>Defendants. | NO. 2:23-cv-01500-RSM<br><br>**DECLARATION OF MATTHEW C. OSTERHAUS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION** |

I, Matthew C. Osterhaus, declare as follows:

1. I am an adult of sound mind. I respectfully submit this declaration in support of Plaintiff's Opposition to Motion to Compel Arbitration. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. I hold a Bachelor of Pharmacy degree from the University of Iowa College of Pharmacy.

DECLARATION OF MATTHEW C. OSTERHAUS IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION
TO COMPEL ARBITRATION - 1
CASE NO. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3. I am currently the Secretary and Treasurer of the Community Pharmacy Foundation, a non-profit dedicated to advancing community pharmacy practice and patient care through grant funding and resource sharing.

4. Osterhaus Pharmacy, Inc. ("Osterhaus Pharmacy" or "Osterhaus") was a family-owned pharmacy established in 1965 by my mother and father, Ann and Robert ("Bob") Osterhaus. I began working at Osterhaus Pharmacy in 1983, and operated it with my wife, Marilyn Osterhaus, until it was sold in January 2022.

5. Osterhaus Pharmacy was located in Maquoketa, Iowa, a small town of approximately 6,000 people, many of whom came to rely on our pharmacy services.

6. Osterhaus Pharmacy served our local community for nearly 60 years, guided by our belief that "doing what is right for the patient" is always best practice. I was awarded the Distinguished Achievement Award in Community Pharmacy Practice by the American Pharmacists Association in 2005.

7. From 2019 until it was sold, Osterhaus Pharmacy participated in Caremark's Provider networks, a precondition to serving patients whose health plans contracted with Caremark.

8. From 2019 until it was sold, Osterhaus Pharmacy never negotiated any term within Caremark's Provider Manual, which contained Caremark's arbitration clause.

9. In fact, Caremark's Provider Manual was typically released by Caremark every two years and presented to Osterhaus Pharmacy on a "take it or leave it" basis. The Provider Manual, typically around 150 pages, was written by Caremark alone. Osterhaus Pharmacy was never permitted to review the terms of the Provider Manual before they were finalized by Caremark, and certainly did not negotiate or revise any of those terms. Caremark never explained

DECLARATION OF MATTHEW C. OSTERHAUS IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION
TO COMPEL ARBITRATION - 2
CASE NO. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

any of the provisions in its Provider Manual to Osterhaus Pharmacy.

10. From 2019 until it was sold, Osterhaus Pharmacy had a small staff consisting primarily of pharmacists and pharmacy assistants. Osterhaus Pharmacy never employed a compliance officer or lawyer to negotiate the terms of Caremark's Provider Manual, nor could we afford to do so.

11. In addition to presenting the Provider Manual to Osterhaus Pharmacy on a "take it or leave it" basis, Caremark also retained the right to regularly amended the Provider Manual without input from Osterhaus.

12. Caremark exercised this right by simply sending its amendments to the Provider Manual to Osterhaus Pharmacy. As soon as Osterhaus Pharmacy submitted a single claim for reimbursement to Caremark after the effective date of an amendment, Osterhaus Pharmacy was deemed by Caremark to have accepted that amendment.

13. From 2019 until it was sold, Osterhaus could not afford to cover the $50,000 minimum escrow requirement necessary to initiate a claim pursuant to the Caremark Provider Manual. Osterhaus also could not afford the other costs of arbitration in addition to the $50,000 minimum escrow requirement Caremark imposed.

14. Osterhaus is a small family-run operation that turns little to no net profit each year. For example, in 2019, Osterhaus Pharmacy earned $937 in net profits.

15. In 2020, Osterhaus Pharmacy's net profits were -$54,941.

16. In 2021, Osterhaus Pharmacy earned $265,789 in net profits. Osterhaus' net profits – and employee compensation – were higher in 2021 than in previous years due in large part to the COVID-19 vaccine services we provided that year.

17. Osterhaus Pharmacy was required to initiate arbitration to contest Caremark's

DECLARATION OF MATTHEW C. OSTERHAUS IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION
TO COMPEL ARBITRATION - 3
CASE NO. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Direct and Indirect Remuneration ("DIR") fees. Caremark, on the other hand, could unilaterally subtract any DIR fees it believed it was owed from Osterhaus Pharmacy's reimbursements. Often, Osterhaus Pharmacy could not determine why Caremark was deducting the DIR fees it was. In this way, Caremark could exercise a self-help option to obtain any DIR fees it believed it was owed, while Osterhaus Pharmacy only had the option to initiate arbitration.

18. From 2019 until it was sold, one of Osterhaus Pharmacy's largest costs was wages for staff, accounting for approximately 13% of our gross annual costs each year. Our staff work very hard. For example, Osterhaus Pharmacy never closed during the COVID-19 pandemic. Our staff would often wake up at 3:00 in the morning to go to clinics and administer vaccines to keep the community safe. On years when Osterhaus Pharmacy did turn a modest profit, I preferred to use that money to reward staff for their hard work in the form of bonuses.

19. In January 2022, after nearly 60 years of family-owned operations, Osterhaus Pharmacy was sold, in part because of the financial pressure imposed by Caremark's increasing DIR fees.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED at Maquoketa, Iowa this 2nd Day of February, 2024.

*Matthew C. Osterhaus*
Matthew C. Osterhaus

DECLARATION OF MATTHEW C. OSTERHAUS IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION
TO COMPEL ARBITRATION - 4
CASE NO. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com