THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

OSTERHAUS PHARMACY, INC. on behalf of itself and all others similarly situated,

Plaintiff,

v.

CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK Rx, L.L.C. (f/k/a CAREMARK Rx, INC.), CAREMARK, L.L.C., CAREMARKPCS, L.L.C., CAREMARK PCS HEALTH L.L.C., CAREMARK IPA, L.L.C., CAREMARK PART D SERVICES, LLC, AETNA INC., AETNA HEALTH HOLDINGS, LLC, AND AETNA HEALTH MANAGEMENT, LLC,

Defendants.

Case No. 2:23–cv–01500–RSM

Hon. Ricardo S. Martinez

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Note on Motion Calendar: March 1, 2024

ORAL ARGUMENT REQUESTED

## INTRODUCTION

Osterhaus[1] concedes, as it must, that the parties formed an arbitration agreement governed by Arizona law that applies to each defendant and covers the claims asserted in the complaint. Instead, Osterhaus argues that the agreement it voluntarily entered into is unconscionable and unenforceable. No court throughout the country that has considered this argument has agreed with Osterhaus. (*See* Mot. at 2–3 (collecting cases).) That is because Osterhaus is wrong for many reasons:

- *First*, as a threshold matter, Osterhaus's challenge to the enforceability of the delegation clause is for an arbitrator to decide. (Part I.)

---

[1] Unless redefined for clarity, defined terms have the same meaning as in Caremark's motion.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 1
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

- *Second*, Osterhaus's collateral attacks on the escrow, confidentiality, and amendment provisions of the parties' agreement do not prevent an arbitrator from deciding the arbitrability of Osterhaus's claims. (Part II.)

- *Third*, the individual terms that Osterhaus attacks are typical commercial contract clauses that are not substantively or procedurally unconscionable, and Osterhaus agreed to them year after year. (Parts III–IV.)

- *Fourth*, even if the Court declared one or more terms of the arbitration agreement to be substantively unconscionable (which it should not do), the arbitration agreement is subject to a severability clause that requires enforcing the remaining terms. (Part V.)

- *Fifth*, Osterhaus waived any challenge to the enforceability of the arbitration agreement by accepting it through multiple previous iterations of Caremark's provider manual. (Part VI.)

- *Sixth*, Osterhaus ignores that its original provider agreement contains a separate, fully enforceable arbitration provision. (*Infra* Part VII.)

- *Finally*, if the Court grants Caremark's motion to compel arbitration, the Court should dismiss this case rather than stay it. (Part VIII.)

## ARGUMENT

**I.   Osterhaus's challenge to the enforceability of the delegation clause is for an arbitrator to decide.**

Although "a court must . . . resolve any challenge directed specifically to the enforceability of [a] delegation clause before compelling arbitration of any remaining gateway issues of arbitrability," Osterhaus's challenge to Caremark's delegation clause "does not impugn the validity of the delegation clause[] specifically." *See Caremark LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030, 1033 (9th Cir. 2022). Instead, "it is a challenge to the enforceability of the arbitration provision[] as a whole" and therefore must be decided by an arbitrator. *See id.* at 1033; *see also Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (same).

Instead of attacking the delegation clause, Osterhaus focuses on other provisions, arguing that the delegation clause is unconscionable because (i) the "escrow requirement makes it excessively expensive for Osterhaus to challenge the delegation clause"; (ii) a provision in the parties' confidentiality agreement that entitles Caremark to certain remedies if confidentiality is breached "exacerbates" the delegation clause's unconscionability; (iii) "Caremark's ability to

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 2
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

unilaterally alter the terms of the Provider Manual renders the delegation clause unconscionable" and "illusory"; and (iv) the delegation clause is a procedurally "unconscionable contract of adhesion." (Opp. 10–16.)

Osterhaus's challenge to the delegation clause on these grounds fails because Osterhaus's arguments are "aimed squarely" at aspects of the parties' agreement other than the delegation clause itself. *Fischer v. Kelly Servs. Global, LLC*, 2024 WL 382181, at *15 (S.D. Cal. Jan. 31, 2024). Where, as here, a party challenging an arbitration agreement fails to "make any arguments specific to the delegation provision" and "argu[es] . . . that the [arbitration agreement] *as a whole* is unconscionable," an arbitrator must determine the agreement's validity. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 74–75 (2010) (emphasis in original).

## II. Osterhaus fails to establish that it would be unconscionable for an arbitrator to decide the arbitrability of Osterhaus's claims.

Even if Osterhaus had challenged the delegation clause specifically (which it has not), Osterhaus has failed to establish that the escrow, confidentiality, and amendment provisions in its agreement with Caremark make it unconscionable for an arbitrator to decide the arbitrability of Osterhaus's claims. (Opp. 10–16.) In a recent Ninth Circuit case, a pharmacy participating in Caremark's pharmacy networks argued that the delegation clause was unenforceable based on certain procedures in the arbitration agreement, including the escrow provision and confidentiality provisions and various limitations on discovery and damages. *Caremark*, 43 F.4th at 1034 n.13. The Ninth Circuit rejected this argument "[t]o the extent that th[e] argument specifically challenge[d] the enforceability of the delegation clause . . . ." *Id.*

That binding precedent applies here. *First*, the escrow provision does not make it unconscionable for an arbitrator to decide the arbitrability of Osterhaus's claims. "[E]ven if the delegation clause requires [Osterhaus] to deposit funds in escrow before arbitrating the gateway issues, that requirement does not impose a barrier sufficient to render the delegation clause unenforceable" because, as the Ninth Circuit held, a pharmacy such as Osterhaus "can recover [it]s

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 3
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

deposit and recover attorney's fees from Caremark" if the pharmacy ultimately prevails on the merits of its claims. *Id.*

*Second*, Osterhaus fails to explain "how the confidentiality provision[] would hamper its ability" to arbitrate threshold issues regarding the enforceability of the arbitration agreement, including the delegation clause. *See id.*; *see also Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1003 (9th Cir. 2023) (jury waiver did not render delegation clause unenforceable because it did not have "any bearing on whether *the delegation of arbitrability to the arbitrator* would be unconscionable") (emphasis in original); *Fischer*, 2024 WL 382181, at *15 (plaintiff failed to explain how provisions at issue "ma[de] *the fact of an arbitrator deciding arbitrability* unconscionable") (emphasis in original) (internal quotation marks omitted).

*Third*, as to the amendment provision, the Court may not adjudicate the enforceability of the delegation clause based on a contractual provision completely outside the arbitration agreement because the FAA's severability principles require courts to isolate "an arbitration provision" from "the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); *Copper Bend Pharmacy, Inc. v. OptumRx*, 2023 IL App (5th) 220211-U, ¶ 97 ("[C]laims of unconscionability, as it relates to arbitrability, are limited to those found in the arbitration clause.").

*Fourth*, the agreement, including the delegation clause, is not procedurally unconscionable just because it was presented on a take-it-or-leave-it basis. *See Pinto v. USAA Ins. Agency Inc. of Tex.*, 275 F. Supp. 3d 1165, 1170 (D. Ariz. 2017) (collecting cases holding that "a contract of adhesion is not automatically unconscionable under Arizona law").

**III.    The individual contract terms on which Osterhaus relies to challenge the delegation clause are not substantively or procedurally unconscionable.**

    **A.**    **Unconscionability does not apply in the commercial context.**

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 4
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Arizona law "presumes, especially in commercial contexts, that private parties are best able to determine if particular contractual terms serve their interests." *1800 Ocotillo, LLC v. WLB Grp., Inc.*, 196 P.3d 222, 224 (Ariz. 2008). Therefore, "findings of unconscionability in a commercial setting are rare." *Salt River Project Agric. Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 694 P.2d 198, 204 (Ariz. 1984), *abrogated on other grounds by Phelps v. Firebird Raceway, Inc.*, 111 P.3d 1003, 1013 (Ariz. 2005); *see also Chief Tian LLC v. 668 N. LLC*, 2020 WL 3056330, at *3 (Ariz. Ct. App. June 9, 2020) (rejecting unconscionability in commercial setting).

As multiple courts have acknowledged, this limitation on unconscionability applies in disputes between pharmacies and PBMs such as Caremark. *See, e.g., Copper Bend*, 2023 IL App (5th) 220211-U, ¶¶ 59–99 (rejecting pharmacies' unconscionability arguments in relevant part); *AIDS Healthcare Found. v. Express Scripts, Inc.*, 658 F. Supp. 3d 693, 704–05 (E.D. Mo. 2023) (rejecting pharmacy's unconscionability argument because pharmacy was a "sophisticated" entity); *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 310 F. Supp. 3d 1002, 1024 (E.D. Mo. 2018) (requiring pharmacy to sign "preprinted agreement" to participate in PBM's "large network" was not unconscionable); *Hopkinton Drug, Inc. v. CaremarkPCS, L.L.C.*, 77 F. Supp. 3d 237, 246 (D. Mass. 2015) (acknowledging that "courts have generally been reluctant to find contracts between merchants to be unconscionable").

Osterhaus briefly attempts to distinguish the cases enforcing Caremark's arbitration agreements with pharmacies (Opp. 22), but courts have repeatedly rejected unconscionability challenges to those agreements on substantially similar grounds. *See, e.g., Grasso Enters., L.L.C. v. CVS HealthCorp*, 143 F. Supp. 3d 530, 539–40 (W.D. Tex. 2015) (rejecting unconscionability challenge to Caremark's 2014 provider manual); *Burton's Pharmacy, Inc. v. CVS Caremark Corp.*, 2015 WL 5430354, at *5–8 (M.D.N.C. Sept. 15, 2015) (same for then-operative version of manual), *report and recommendation adopted*, 2015 WL 5999386, at *1 (M.D.N.C. Oct. 14, 2015); *Hopkinton*, 77 F. Supp. 3d at 245–48 (same for 2014 manual); *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 416–22 (E.D.N.Y. 2004) (same); *Crawford Prof'l Drugs, Inc. v. CVS*

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 5
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Caremark Corp.*, 748 F.3d 249, 263–68 (5th Cir. 2014) (same for then-operative version of manual); *Uptown Drug Co., Inc. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1180–82 (N.D. Cal 2013) (same for 2011 manual); *MedfusionRx, LLC v. Aetna Life Ins. Co.*, 2012 U.S. Dist. LEXIS 191045, at *15–16 (S.D. Miss. Dec. 21, 2012) (same).[2]

### B. The individual contract terms on which Osterhaus relies to challenge the delegation clause are not substantively unconscionable.

The individual contract terms on which Osterhaus relies to challenge the delegation clause are not substantively unconscionable because they do not meet the extremely high bar of presenting "contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost–price disparity." *Maxwell*, 907 P.2d at 58.

#### 1. The escrow provision is not substantively unconscionable.

The Ninth Circuit has rejected the argument that the escrow provision is substantively unconscionable. *See Caremark*, 43 F.4th at 1034 n.13. This binding precedent ends the analysis.

Moreover, Osterhaus may still argue to an arbitrator that the escrow provision is unconscionable. Osterhaus mistakenly argues that "[f]or an arbitrator to rule on delegation," Osterhaus must first "place in escrow *at least* $50,000." (Opp. 10 (emphasis in original).) This is not true. In fact, Osterhaus cites an arbitration award where the arbitrators found that the escrow provision was not enforceable before the pharmacy put any money at all into escrow. (ECF No.

---

[2] Notably, Osterhaus has not cited any cases in which a court found an agreement unconscionable in the commercial context under Arizona law. Instead, it relies on cases where the party contesting arbitration was either an unsophisticated private individual or an unsuspecting employee. *See Estate of Harmon v. Avalon Care Ctr.–Scottsdale, LLC*, 2015 WL 302292, at *1 (Ariz. Ct. App. Jan. 22, 2015) (estate of individual without significant assets opposed arbitrating claims against medical center); *Clark v. Renaissance West, LLC*, 307 P.3d 77, 80 (Ariz. Ct. App. 2013) (plaintiff contesting arbitration was eighty-eight-year-old man with "a fixed, limited income"); *Batory v. Sears, Roebuck & Co.*, 456 F. Supp. 2d 1137, 1139 (D. Ariz. 2006) (employer's arbitration agreement with employee was unconscionable); *Maxwell v. Fid. Fin. Servs., Inc.*, 907 P.2d 51, 53 (Ariz. 1995) (questions of fact regarding unconscionability prevented summary judgment where plaintiff was low-wage employee swindled into purchasing solar water heater on predatory terms). Unlike the consumers and employees in these cases, Osterhaus was a sophisticated business that earned millions of dollars from Caremark. (ECF No. 43, McCall Decl., ¶ 51.)

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 6
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

47-4, Award.) While Caremark disagrees with this ruling, and while the award itself is nonprecedential,[3] there is no threshold requirement to escrow funds before an arbitrator will address the issue.

Finally, Osterhaus's argument that the escrow provision is unenforceable based on its alleged one-sidedness also is wrong. (Opp. 12.) The escrow provision is a mutual clause because Caremark would be required to comply with the provision if it initiated a dispute against Osterhaus. Moreover, Arizona law does not require mutuality of obligation for *all contract terms* if adequate consideration supports the *contract as a whole. See, e.g., Tinker v. CrimShield, Inc.*, 2022 WL 4970223, at *3 (D. Ariz. Oct. 4, 2023) (finding that "[a]rbitration agreements supported by adequate consideration need not impose mutual or equivalent obligations to be enforceable"); *Aldrete v. Metro Auto Auction, LLC*, 2022 WL 60544, at *6 (D. Ariz. Jan. 6, 2022) (collecting cases holding that mutuality of obligation is not required for each provision as long as there is consideration for the contract as a whole). Here, given that Osterhaus received substantial reimbursement from Caremark, there is adequate consideration for the agreement as a whole. (ECF No. 43, McCall Decl., ¶ 51.)

### 2. The remedies clause is not substantively unconscionable.

The arbitration agreement's "unilateral remedies clause," as Osterhaus calls it, likewise is not substantively unconscionable. (Opp. 12–13.) This clause, which is part of the arbitration agreement's confidentiality provision, does not render the delegation clause unenforceable. *See Caremark*, 43 F.4th at 1034 n.13 (holding that pharmacy failed to "explain how confidentiality provisions would hamper its ability to arbitrate" gateway issues of arbitrability). (*See also* Part IV(F).)

---

[3] Osterhaus repeatedly relies on arbitration awards to support its legal arguments. (*See, e.g.,* Opp. 11.) The Court should not give any weight to these nonprecedential awards. *See IDS Life Ins. Co. v. SunAm. Life Ins. Co.*, 136 F.3d 537, 543 (7th Cir. 1998) (arbitration awards are nonprecedential).

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 7
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### 3. The amendment provision not substantively unconscionable.

Finally, contrary to Osterhaus's argument, Caremark's ability to unilaterally amend its arbitration agreement with Osterhaus did not render the arbitration agreement "illusory" or substantively unconscionable. (Opp. 13–14.) *See, e.g., Grasso*, 143 F. Supp. 3d at 538 (concluding that the "'take it or leave it' nature" of the provider manual's "amendment process" did not render the arbitration agreement invalid); *Paduano*, 55 F. Supp. 3d at 417–18 (finding that Caremark's right to "unilaterally modify" the provider manual did not render the provider manual's arbitration agreement invalid); *Uptown*, 962 F. Supp. 2d at 1181–82 (concluding that where Caremark "complied with" its contractual amendment process, the "take-it-or-leave-it" nature of the process did not invalidate the arbitration agreement); *see also LaRussa v. NMTC, Inc.*, 2007 WL 9724933, at *2–4 (D. Ariz. Mar. 30, 2007) (finding that contract was not "illusory" even though plaintiff had discretion to cancel the contract "at any time for any reason or no reason") (internal quotation marks omitted).

### C. The delegation clause is not procedurally unconscionable.

Courts have repeatedly rejected pharmacies' arguments that the arbitration agreement in Caremark's provider manual is unconscionable based on the dynamics of the parties' relationships. *See, e.g., Burton's*, 2015 WL 5430354, at *5 (rejecting unconscionability based on alleged "unequal bargaining power"); *Hopkinton*, 77 F. Sup. 3d at 246 (rejecting unconscionability based on alleged "differences in bargaining power"); *Paduano*, 55 F. Supp. 3d at 418 (rejecting unconscionability based on the "relationship between [the pharmacy] and Caremark, two sophisticated entities"); *In re AdvancePCS*, 172 S.W.3d 603, 608 (Tex. 2005) (concluding, in a dispute involving Caremark's predecessor, that "unequal bargaining power" does not defeat an arbitration agreement absent "fraud or overwhelming economic power").

Courts have applied this rationale to pharmacies' disputes with other PBMs as well. *See Park Irmat*, 911 F.3d at 513 (finding that the plaintiff was "a sophisticated consumer that had operated successfully outside [the defendant's] network" before joining it); *AIDS Healthcare*, 658

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 8
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

F. Supp. 3d at 705 (rejecting pharmacy's unconscionability argument because "both parties [were] sophisticated business entities"). These cases uniformly support rejecting Osterhaus's procedural-unconscionability argument. (Opp. 14–16.)

**IV. The arbitration agreement is not substantively or procedurally unconscionable.**

For the same reasons the delegation clause is not substantively or procedurally unconscionable (*see* Parts III(A)–(C)), as well as those set forth below, the arbitration agreement as a whole is not substantively unconscionable.

**A. The fee-shifting provision is not substantively unconscionable.**

Osterhaus incorrectly argues that it would be unconscionable for Caremark to recover its fees and costs if Osterhaus does not prevail in arbitration. (Opp. 17–18.) A fee-shifting clause for the prevailing party is a standard commercial contract term that potentially benefits both parties. *See, e.g., Crawford*, 748 F.3d at 267. In fact, Osterhaus cites decisions awarding fees to pharmacies in other arbitrations involving Caremark, which demonstrates that the fee-shifting provision is ***not*** unconscionable because the pharmacies were made whole. (ECF Nos. 47-2, 47-5, 47-6, Arbitration Awards.) Without the fee-shifting provision, those pharmacies would not have been able to recover fees from Caremark and would have borne the costs themselves under the American rule. *See, e.g., Dir., OWCP v. Robinson*, 625 F.2d 873, 876 (9th Cir. 1980) ("[U]nder the American Rule[,] . . . a party may not generally recover attorney's fees absent statutory authorization or a contract providing for an award.").

**B. The limitations provision is not substantively unconscionable.**

The arbitration agreement's limitations provision likewise is not substantively unconscionable. (Opp. 19.) Under Arizona law, it is not unconscionable for parties to contractually limit the statutes of limitations governing their claims. *See PNC Bank, N.A. v. Stromenger*, 2016 WL 4434310, ¶ 10 (Ariz. Ct. App. Aug. 22, 2016) ("[P]arties may generally shorten the statute of limitations by express contractual provision."); *Angus Med. Co. v. Digit. Equip. Corp.*, 840 P.2d 1024, 1032 (Ariz. Ct. App. 1992) ("limitation term" reducing time to pursue claims "from six years

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 9
CASE NO. 2:23–CV–01500–RSM

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to eighteen months" was not "unconscionable as a matter of law"); *Zuckerman v. Transamerica Ins. Co.*, 650 P.2d 441, 445 n.5 (Ariz. 1982) ("Generally, parties may contract with regard to shortening the statute [of limitations] . . . .").

  **C. The remedies clause is not substantively unconscionable.**

  It is "generally accepted that parties to a contract may provide therein precisely what the remedies shall be in case of a breach and, if so provided, they will be limited in their remedies by the terms of their contract." *Wilson v. Pate*, 498 P.2d 535, 536 (Ariz. Ct. App. 1972); *see also Smith v. Logan*, 799 P.2d 1378, 1380 (Ariz. Ct. App. 1990). This is true here. (Opp. 19.)

  **D. The limitations on discovery are not substantively unconscionable.**

  Arbitration discovery is far more limited than litigation discovery. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (arbitration procedures are "not as extensive as in the federal courts"). Accepting Osterhaus's position that a party is entitled to unlimited discovery in arbitration is inconsistent with the simplicity, informality, and expeditious resolution arbitration is intended to promote. (Opp. 19–20.) *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1270 (9th Cir. 2017) ("[L]imitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.'"); *Wernett v. Serv. Phoenix, LLC*, 2009 WL 1955612, at *6–7 (D. Ariz. July 16, 2009) (rejecting unconscionability argument based on limited discovery).

  **E. The anticonsolidation provision is not substantively unconscionable.**

  Anticonsolidation provisions are a well-accepted staple of arbitration. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019) (court could not read ambiguity in arbitration provision to compel class arbitration); *Weyerhaeuser Co. v. W. Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir. 1984) (refusing to consolidate two arbitrations because each of two separate agreements had a provision requiring arbitration only between the parties to the agreement). As the Supreme Court has acknowledged, allowing consolidation would eliminate the "speed and simplicity and inexpensiveness" arbitration is intended to promote. *See Lamps Plus*, 139 S. Ct. at 1416.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 10
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The Supreme Court has rejected Osterhaus's argument that anticonsolidation provisions are substantively unconscionable. In balancing the FAA with an unconscionability defense, the Court has stated that, although the FAA "preserves generally applicable contract defenses, *nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives*." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (emphasis added). Here, as in *Concepcion*, Osterhaus cannot rely on unconscionability to "reshape" the arbitration agreement's express prohibitions against consolidation. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 509 (2018) ("*[C]ourts may not allow a contract defense to reshape traditional individualized arbitration*" without the "parties' consent.") (emphasis added).

Consistent with *Concepcion*, the Supreme Court repeatedly has confirmed that consolidation is inappropriate in the arbitration context. *See Lamps Plus*, 139 S. Ct. at 1419 (rejecting class arbitration); *Stolt–Nielsen S.A. v. AnimalFeeds Int'l, Corp.*, 559 U.S. 662, 684 (2010) (vacating arbitrators' decision to permit consolidation when the parties agreed that there was "no agreement" on the issue and finding that "[the] decision [was] fundamentally at war with the foundational principle that arbitration is a matter of consent"); *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 662–63 (2022) (enforcing arbitration agreement barring party from bringing representative action under California statute).

**F.      The confidentiality provision is not substantively unconscionable.**

"Confidentiality is 'a paradigmatic aspect of arbitration.'" *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 71 (2d Cir. 2023). Various courts have upheld confidentiality provisions identical, or nearly identical, to the provision at issue here. *See Morris v. Pac. Dental Servs., LLC*, 2023 WL 4826142, at *5 (D. Ariz. July 27, 2023) (confidentiality provision was not unconscionable); *Grasso*, 143 F. Supp. 3d at 539–40 (confidentiality provision did not render Caremark's arbitration agreement unconscionable); *see also Monsanto v. DWW Partners, LLLP*, 2010 WL 234952, at *3 (D. Ariz. Jan. 15, 2010) (confidentiality provision was not one-sided). This Court should do the same here. (Opp. 20–21.)

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 11
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**V.    Any substantively unconscionable terms of the arbitration agreement are severable.**

Even if one or more terms of the arbitration agreement were substantively unconscionable (which they are not), any unconscionable terms are severable. (Opp. 23–24.) *See* A.R.S. § 47–2302; *see also Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 940 (D. Ariz. 2011) (court has discretion under the FAA and Arizona law to "sever an unconscionable arbitration provision and enforce the remainder of the contract").

In addition to this well-established law, the 2020 Provider Manual expressly states that:

> In the event that any provision or term set forth in the Provider Agreement is determined invalid or unenforceable, such invalidity and unenforceability will not affect the validity or enforceability of any other provision or term set forth in the Provider Agreement.

(ECF No. 43-6, 2020 Manual, p. 90, § 15.08.)

This clause, in conjunction with A.R.S. § 47–2302, requires enforcing the arbitration agreement as modified to disregard any unconscionable terms. *See, e.g., Paduano*, 55 F. Supp. 3d at 422 (severing unconscionable term from Caremark's 2014 provider manual and ordering arbitration based on "the remaining terms").

**VI.    Osterhaus waived its challenge to the enforceability of the delegation clause and the enforceability of the arbitration agreement.**

Osterhaus repeatedly accepted versions of Caremark's provider manual containing the delegation clause, and the underlying terms, that Osterhaus now seeks to challenge. (ECF No. 43, McCall Decl., ¶¶ 34–35; ECF No. 43-4, 2016 Manual, pp. 44–45; ECF No. 43-5 Ex. 5, 2018 Manual, pp. 51–52; ECF No. 43-6, 2020 Manual, pp. 91–92, § 15.09; *see also* Supp. McCall Decl., ¶¶ 8–17, Ex. A, 2010 Manual, p. 43, Ex. B, 2012 Manual, p. 50, & Ex. C, 2014 Manual, pp. 45–46.) In doing so, Osterhaus waived its unconscionability arguments. *See Am. Cont'l Life Ins. v. Rainer Constr. Co., Inc.*, 607 P.2d 372, 374 (Ariz. 1980) (discussing waiver).

**VII.    The arbitration provision in the Osterhaus Provider Agreement is fully enforceable.**

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 12
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Alternatively, the Osterhaus Provider Agreement contains a separate, fully enforceable arbitration provision that Osterhaus does not challenge. (*Compare* Opp. 10–24 *with* ECF No. 43-1, Osterhaus Agr., p. 7, § 9.5.) The 2020 Provider Manual is an amendment to the Osterhaus Provider Agreement. (*See* ECF No. 43-1, Osterhaus Agr., p. 1, § 1.3.) Even if the amendment were invalid (which it is not), the underlying agreement, including the unchallenged arbitration provision, remains enforceable. *See, e.g., Edwards*, 2018 WL 637382, at *6 (enforcing prior version of arbitration agreement where amendment was unconscionable).

## VIII. The Court should dismiss this case.

Finally, if the Court grants Caremark's motion to compel arbitration, the Court should dismiss this case rather than stay it. (Opp. 24–26.) *See, e.g., Yaftali v. Aetna Res., LLC*, 2023 WL 8455124, at *2 (D. Ariz. Dec. 6, 2023) (dismissing case after granting motion to compel arbitration); *McMahon v. Meta Platforms, Inc.*, 2023 WL 4546377, at *3 (W.D. Wash. July 14, 2023) (same).

## CONCLUSION

For these reasons, Caremark respectfully requests the entry of an order granting the relief requested in its motion.

Dated: February 26, 2024

Respectfully submitted,

*/s/ Kevin P. Shea*

Kevin P. Shea, pro hac vice
Seth A. Horvath, pro hac vice
Elizabeth Z. Meraz, pro hac vice
Aon Hussain, pro hac vice
**Nixon Peabody LLP**
70 West Madison Street, Suite 5200
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405
kpshea@nixonpeabody.com
sahorvath@nixonpeabody.com
ezmeraz@nixonpeabody.com
ahussain@nixonpeabody.com

*/s/ Shylah R. Alfonso*

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 13
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| 1 | |
| 2 | Shylah R. Alfonso, WSBA No. 3318 |
| | Tiffany Lee, WSBA No. 51979 |
| 3 | Nicholas M. Marquiss, pro hac vice |
| | **Perkins Coie LLP** |
| 4 | 1201 Third Avenue, Suite 4900 |
| | Seattle, Washington 98101-3099 |
| 5 | Telephone: (206) 359-8000 |
| | Facsimile: (206) 359-9000 |
| 6 | SAlfonso@perkinscoie.com |
| | TiffanyLee@perkinscoie.com |
| 7 | NMarquiss@perkinscoie.com |

In accordance with LCR 7(e)(6), the signatory certifies that this motion contains 4,051 words, in compliance with the Local Civil Rules.

*Attorneys for Defendants CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C. (f/k/a Caremark Rx, Inc.), Caremark, L.L.C., CaremarkPCS, L.L.C., CaremarkPCS Health L.L.C., Caremark IPA, L.L.C., Caremark Part D Services, LLC, Aetna Inc., Aetna Health Holdings, LLC, and Aetna Health Management, LLC*

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION – 14
CASE NO. 2:23–CV–01500–RSM

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000