UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSTERHAUS PHARMACY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK Rx, L.L.C. (f/k/a/ CAREMARK Rx, INC.), CAREMARK L.L.C., CAREMARKPCS, L.L.C., CAREMARK PCS HEALTH L.L.C., CAREMARK IPA, L.L.C., CAREMARK PART D SERVICES, LLC, AETNA INC., AETNA HEALTH HOLDINGS, LLC, and AETNA HEALTH MANAGEMENT, LLC, <br><br> Defendants. | Case No. C23-1500-RSM <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte on a review of Plaintiff Osterhaus Pharmacy, Inc. ("Plaintiff")'s Complaint, Dkt. #1.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division

>where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

Under 28 U.S.C. § 1391(b), venue is generally proper in a judicial district where any defendant resides (if all defendants are residents of the state where the district is located), or in a district where a substantial part of the events giving rise to the claim occurred, or, if none of those, in any district where a defendant is subject to personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b)(1)-(3).

Upon review of the record, the Court is unconvinced that venue is properly here. Plaintiff appears to reside in Iowa, and Defendants are all located in Delaware, Rhode Island, California, New York, and/or Pennsylvania. Dkt. #1 at 4. Plaintiff asserts that venue is proper here and this Court has jurisdiction over Defendants with vague references to certain statutes (Section 12 of the Clayton Act, 15 U.S.C § 22, and 28 U.S.C. § 1391) and "because CVS Caremark regularly transacts business within this district, a substantial portion of the affected interstate trade and commerce discussed below has been carried out in this District , and CVS Caremark resides in this district." *Id*. at 2-3. Defendants conduct business across the entirety of the United States. Though Defendants operate within Washington, the Court fails to see why a case involving out-of-state parties' contracts that were created and conducted outside of Washington and governed under Arizona laws places proper venue with this Court or how venue is less burdensome here. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

ORDER TO SHOW CAUSE - 2

In Response to this Order, Plaintiff must write a short statement telling the Court why this case should not be dismissed or transferred under § 1406(a).  This Response may not exceed six (6) double-spaced pages.  Attachments or amended pleadings are not permitted.  The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above no later than thirty (30) days from the date of this Order.  Failure to file this Response will result in case dismissal or transferal.

DATED this 3rd day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE