THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OSTERHAUS PHARMACY, INC. on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK Rx, L.L.C. (f/k/a/ CAREMARK Rx, INC.), CAREMARK, L.L.C., CAREMARKPCS, L.L.C., CAREMARK PCS HEALTH L.L.C., CAREMARK IPA, L.L.C., CAREMARK PART D SERVICES, LLC, AETNA INC., AETNA HEALTH HOLDINGS, LLC, AND AETNA HEALTH MANAGEMENT, LLC,<br><br>Defendants. | NO. 2:23-cv-01500-RSM<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50)** |

Osterhaus Pharmacy, Inc. ("Plaintiff") respectfully submits this Response to the Court's May 3, 2024 Order to Show Cause (ECF No. 50). The Court asked Plaintiff to explain "why this case should not be dismissed or transferred under § 1406(a)." *Id*. For the reasons explained below, venue is proper in this Court. As a result, it would be inappropriate to dismiss or transfer this litigation under 28 U.S.C. § 1406(a).

**I.     VENUE IS PROPER IN THE WESTERN DISTRICT OF WASHINGTON**

Venue is proper in the Western District of Washington where Plaintiff brought this lawsuit because the Ninth Circuit permits *nationwide venue* in civil antitrust cases against

PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50) - 1
Case No. 2:23-cv-01500-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

corporate defendants. *Go-Video Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989). Nationwide venue for antitrust plaintiffs is established by combining two federal statutes:

- Section 12 of the Clayton Act establishes personal jurisdiction over a corporate defendant in federal antitrust litigation *in any judicial district in the United States.* *Go-Video,* 885 F.2d at 1413 (citing 15 U.S.C. § 22).

- The general federal venue statute, 28 U.S.C. § 1391, provides that venue is proper *in any judicial district in which all corporate defendants are subject to personal jurisdiction. Markson v. CRST Int'l., Inc.*, 2021 WL 1156863, at *5 (C.D. Cal. Feb. 10, 2021) (citing 28 U.S.C. § 1391(b)(1), (c)(2)).

- The Ninth Circuit permits antitrust plaintiffs to combine these two statutes, establishing proper venue in antitrust cases against corporate defendants in any judicial district in the United States. *Go-Video,* 885 F.2d at 1413, 1417; *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1178-80 (9th Cir. 2004).

**A. Section 12 of the Clayton Act permits nationwide personal jurisdiction in antitrust litigation against corporate defendants.**

Section 12 of the Clayton Act, the long-arm statute for federal antitrust lawsuits, provides special rules for both venue and personal jurisdiction in antitrust lawsuits against corporate defendants:

> [1] Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; [2] and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (bracketed numbers).

The second clause in Section 12 authorizes service of process over a corporate defendant "wherever it may be found." *Id.* This phrase permits nationwide service of process, which in turn authorizes nationwide personal jurisdiction. *Action Embroidery*, 368 F.3d at 1177 (a federal district court has personal jurisdiction over a defendant in any jurisdiction where process can be

PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50) - 2
Case No. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

served on it). Therefore, a corporate antitrust defendant is subject to personal jurisdiction in any judicial district in the United States, subject only to constitutional due process requirements. *Id*.

Constitutional due process requirements are satisfied when the relevant forum has sufficient minimum contacts with a defendant. *Id.* at 1180. Because Section 12 authorizes nationwide service of process, the relevant forum for a minimum contacts analysis under Section 12 is the United States as a whole. *Go-Video*, 885 F.2d at 1416; *Action Embroidery*, 368 F.3d at 1180 ("In a statute providing for nationwide services of process, the inquiry to determine 'minimum contacts' is thus 'whether the defendant has acted within any district of the United States or sufficiently caused foreseeable consequences in this country.'") (quoting *Securities Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985). Here, defendants are corporations operating within the United States, thus satisfying the liberal national contacts analysis set forth in *Go-Video* and *Action Embroidery.*

## B. Venue is proper in any district in which defendants are subject to personal jurisdiction.

The general federal venue statute, 28 U.S.C. § 1391, provides that venue in a civil case is proper in any judicial district in which a defendant resides, if all defendants reside in the state in which the district is located. 28 U.S.C. § 1391(b)(1). A corporation is deemed to reside in any jurisdiction in which it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). *See also Markson*, 2021 WL 1156863, at *5 ("[V]enue is proper in a judicial district in which any defendant resides; and a defendant corporation is deemed to reside for purposes of venue in any judicial district in which it 'is subject to the court's personal jurisdiction with respect to the civil action in question.'") (quoting 28 U.S.C. § 1391(b)(1), (c)(2)).

As noted above, Defendants here are subject to personal jurisdiction in the Western District of Washington. *Go-Video,* 885 F.2d at 1413 (citing 15 U.S.C. § 22). They therefore reside in the Western District of Washington for purposes of venue. 28 U.S.C. § 1391(c)(2). Venue is thus proper in the Western District of Washington under 28 U.S.C. § 1391(b)(1).

PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50) - 3
Case No. 2:23-cv-01500-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C. The Ninth Circuit permits antitrust plaintiffs to combine these statutes to establish nationwide venue.**

The Ninth Circuit has interpreted the two clauses in Section 12 independently, letting a plaintiff invoke Section 12's nationwide service-of-process provision to establish personal jurisdiction in any judicial district, and combine that provision with the general venue statute, 28 U.S. § 1391, to establish proper venue based on personal jurisdiction over each defendant. *Go-Video,* 885 F.2d at 1413, 1417; *Action Embroidery*, 368 F.3d at 1178-80.

In *Go-Video,* the Ninth Circuit held that venue is proper in federal antitrust suits if the venue requirements of *either* Section 12 *or* 28 U.S. § 1391 are satisfied. 885 F.2d at 1413. In *Action Embroidery*, the Ninth Circuit confirmed that the availability of personal jurisdiction under Section 12 does not depend on the availability of venue under the same statute. 368 F.3d at 1178. The result is that under Ninth Circuit law, an antitrust plaintiff may combine the personal jurisdiction clause under Section 12 with the general venue provision, establishing proper venue in antitrust cases involving corporate defendants in any federal district court in the United States. *Action Embroidery*, 368 F.3d at 1178-80; *Go-Video,* 885 F.2d at 1413.

**II. DISMISSAL OR TRANSFER UNDER 28 U.S.C. §1406(A) WOULD BE IMPROPER.**

Section 1406(a) permits dismissal or transfer of a case only if a district court lacks proper venue. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Atlantic Marine Const. Co., Inc. v. United States Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 55 (2013) (Section 1406(a) allows dismissal only when venue is wrong or improper). Venue is proper in this Court. Dismissal or transfer of the litigation under §1406(a) would be improper.

PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50) - 4
Case No. 2:23-cv-01500-RSM

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 31st day of May, 2024.

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Blythe H. Chandler*
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Amanda M. Steiner, WSBA #29147
    Email: asteiner@terrellmarshall.com
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603

    Joshua Davis, *Admitted Pro Hac Vice*
    Email: jdavis@bm.net
    Julie Pollock, *Admitted Pro Hac Vice*
    Email: jpollock@bm.net
    BERGER MONTAGUE P.C.
    505 Montgomery St, Suite 625
    San Francisco, CA 94111
    Telephone: (415) 906-0684

    John Roberti, *Admitted Pro Hac Vice*
    Email: jroberti@cohengresser.com
    Melissa Maxman, *Admitted Pro Hac Vice*
    Email: mmaxman@cohengresser.com
    Derek Jackson, *Admitted Pro Hac Vice*
    Email: djackson@cohengresser.com
    Alisa Lu, *Admitted Pro Hac Vice*
    Email: alu@cohengresser.com
    COHEN & GRESSER LLP
    2001 Pennsylvania Ave, NW, Suite 300
    Washington, DC 20006
    Telephone: (202) 851-2070

*Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE TO THE COURT'S MAY 3, 2024 ORDER TO SHOW CAUSE (ECF NO. 50) - 5
Case No. 2:23-cv-01500-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com