UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSTERHAUS PHARMACY, INC.,

Plaintiff,

v.

CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK Rx, L.L.C (f/k/a/ CAREMARK Rx, INC.), CAREMARK L.L.C., CAREMARKPCS, L.L.C., CAREMARK PCS HEALTH L.L.C, CAREMARK IPA, LLC, AETNA INC., AETNA HEALTH HOLDINGS, LLC, and AETNA HEALTH MANAGEMENT, LLC,

Defendants.

Case No. C23-1500-RSM

ORDER TRANSFERRING VENUE

This matter comes before the Court *sua sponte* on review of Plaintiff's Complaint, Dkt. #1. On May 3, 2024, the Court ordered Plaintiff to show cause as to why this case should not be dismissed or transferred. Dkt. #50. Plaintiff filed its Response on May 31, 2024. Dkt. #51.

Under 28 U.S.C. § 1404, the Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

> where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc*., No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Upon review of Plaintiff's Response, Dkt. #51, and the remainder of the record, the Court is unconvinced that it is in the interests of convenience and justice for this case to remain here. The relevant agreement was not negotiated or executed in Washington, the case does not involve Washington law, none of the parties' contacts with Washington are relevant to the case, and no party, witnesses, or evidence are in Washington. Plaintiff argues that Washington is the proper venue "because the Ninth Circuit permits nationwide venue in civil antitrust cases against corporate defendants." Dkt. #51 at 1-2. However, discretion remains with this Court under § 1404 to transfer this case. Unlike cases such as *Go-Video Inc. v. Akai Elec. Co., Ltd.*, which Plaintiff cites, the parties, including all defendants, are residents of and located within the United States. 885 F.2d 1406 (9th Cir. 1989); Dkt. #51 at 2-4.

Furthermore, the contractual agreement at issue was agreed upon under Arizona law, recognizing (as Defendants argue) that Caremark's pharmacy benefit manager ("PBM") services are administered from and maintained in Arizona. Dkt. #42 at 11, 13. Plaintiff argues that it cannot afford the costs of travel from Iowa (Plaintiff's residence) to Scottsdale, Arizona, where Defendant mandates arbitration must occur. Dkt. #44 at 12. The Court, however, fails to see how litigating in the uninvolved state of Washington from Plaintiff's location in Iowa saves Plaintiff any costs compared to litigating in the contractually agreed-upon forum of Arizona or any other out-of-state court. The Court is unconvinced that it must rely on the general, nationwide longarm statue of the Clayton Act, which provides that an antitrust action against a corporation "*may* be brought" in any district where the corporation can be found or transacts business, when a better, more interested, and more involved location exists. 15 U.S.C. § 22.

Based on the record before it, the Court is convinced that this case should not proceed in this district, and it is most convenient to all parties involved and any potential witnesses for the case to proceed in Arizona. As the agreed-upon forum and state with the greatest interest, the Court believes that the United States District Court for the District of Arizona is best suited to answer these questions of conscionability and enforceability regarding Caremark's PBM agreements.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby FINDS and ORDERS that this matter is TRANSFERRED to the United States District Court for the District of Arizona for all further proceedings.

DATED this 18th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE